UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FEDERAL INSURANCE COMPANY, as subrogee of )
WYNN A. SAYMAN and ELIZABETH SAYMAN, )
)
                   Plaintiff, )
)
v. ) Civil Action No.: 04-30071-KPN
)
BERKSHIRE PROPANE, INC., a division and )
  subsidiary of BERKSHIRE ENERGY RESOURCES, )
  a Massachusetts Business Trust, )
)
                 Defendants. )

## FIRST AMENDED COMPLAINT FOR MONETARY RELIEF, WITH DEMAND FOR A JURY TRIAL

*A. Parties.*

1. The plaintiff, Federal Insurance Company (hereinafter "Federal"), is a corporation duly organized and existing under the laws of the state of Indiana, which maintains its principal place of business at 15 Mountain View Road, Warren, New Jersey.

2. The defendant, Berkshire Propane, Inc. (hereinafter "Berkshire Propane"), is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, which maintains its principal place of business at 172 Hubbard Avenue, Pittsfield, Massachusetts.

3. The defendant, Berkshire Energy Resources (hereinafter "BER"), is a business trust duly organized and existing under Massachusetts General Laws, Ch. 182, which maintains its principal place of business at 115 Cheshire Road, Pittsfield, Massachusetts.

*B. Jurisdiction and Venue.*

4. Jurisdiction over the subject matter of this civil action is conferred by 28 U.S.C. § 1332(a)(1), in that this action is between citizens of different states and the matter in controversy

exceeds the sum of value of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest and costs and, to the extent that there is not original jurisdiction over any individual claim in this proceeding, the Court possesses jurisdiction over all such claims under the supplemental jurisdiction conferred by 28 U. S. C. § 1367.

5. Jurisdiction over Berkshire Propane and BER is conferred by General Laws, Ch. 223A, § 3, in that this action arises from the conduct of Berkshire Propane and BER, either directly or by their respective agents, in transacting business in the Commonwealth of Massachusetts and in causing tortuous injury by acts or omissions in the Commonwealth of Massachusetts.

6  Venue of this action in this Court is proper pursuant to 28 U.S.C. § 1391(a) and (c), in that a substantial part of the events or omissions giving rise to the claims herein asserted arose in this district, and the Berkshire Propane and BER reside in this district, and the only parties residing or deemed to reside in Massachusetts reside in the Western Section of this district.

*C. Claims for Relief.*

COUNT I

7. At all times material, Wynn A. Sayman and Elizabeth Sayman, (hereinafter "the Saymans"), owned their principal residence (hereinafter "the Residence"), and a guest cottage and secondary residence (hereinafter "the Cottage"), both located in close proximity at 10 Rossiter Road in Richmond, Massachusetts.

8. At all times material, Federal provided homeowners insurance for property damage sustained by the Saymans with respect to the Residence and the Cottage.

9. The Residence and the Cottage were equipped with separate heating systems that were fueled by liquid propane gas (hereinafter "propane"), both with separate propane tanks.

10. At all times material, Berkshire Propane was a division and wholly owned subsidiary of BER, and Berkshire Propane acted as the authorized agent and representative of BER, with respect to, and all while Berkshire Propane and BER were engaged in, the business of selling, distributing and delivering liquid propane and propane gas to residential customers in Massachusetts, including the Saymans.

11. On or about February 1, 2001, Berkshire Propane, by its responsible agents, servants and employees, and for valuable consideration, agreed and contracted with and represented to the Saymans that Berkshire Propane would enroll the Saymans in an automatic delivery program, under which Berkshire Propane would, without request by the Saymans, regularly deliver propane to the Residence and to the Cottage, all so as to maintain a proper and sufficient supply of propane to service the Residence and the Cottage.

12. Sometime shortly prior to December 22, 2002, Berkshire Propane, by its responsible agents, servants and employees, filled the propane tank servicing the Residence pursuant to the automatic delivery program but, in breach of its agreement and contract with the Saymans, and in breach of its corresponding duty of reasonable care to the Saymans, Berkshire Propane negligently and carelessly failed to deliver propane to the Cottage pursuant to the automatic delivery program, all so as to maintain a proper and sufficient supply of propane to service the Cottage, and negligently and carelessly failed to notify or warn the Saymans that there was not a proper and sufficient supply of propane to service the Cottage.

13. On or about December 22, 2002, and as a direct and proximate result of the aforementioned negligence and carelessness of Berkshire Propane, and in further direct and

proximate consequence of the aforementioned breach by Berkshire Propane of its agreement and contract with the Saymans, the heating system at the Cottage became inoperative due to a lack of propane in its propane tank and, in consequence thereof, internal water pipes burst at the Cottage, all causing water to flow upon and do great damage to the Cottage and its contents.

14. Federal, as the homeowners' insurer for the Saymans with respect to the Cottage, paid to the Saymans the value of the aforementioned loss sustained by the Saymans as a direct and proximate result of the damage sustained by the Cottage and its contents.

15. Federal is subrogated to and has been assigned the rights of the Saymans against Berkshire Propane to the extent that Federal has paid to the Saymans the value of the aforementioned loss sustained by them, and to the extent that the Saymans have sustained additional loss.

16. On or about September 11, 2003, Federal notified Berkshire Propane and BER of its aforementioned subrogation claims and made due and sufficient written demand upon Berkshire Propane and BER for payment of these claims, but Berkshire Propane and BER have to date failed, refused and neglected to respond to or to otherwise pay the claims of Federal.

*WHEREFORE*, the plaintiff, Federal Insurance Company, demands judgment against the defendants, Berkshire Propane, Inc. and Berkshire Energy Resources, jointly and severally, for compensatory damages in the amount of $75,000.00, together with statutory interest from the date of demand, costs and such other and further relief as this Court deems appropriate.

## COUNT II

17. Federal incorporates by reference the averments of paragraphs 1 through 16.

18. At the time of the aforementioned breach of contract and negligent and careless acts and omissions of Berkshire Propane, and of the aforementioned loss and damage sustained

by the Saymans and Federal, Berkshire Propane and BER were engaged in trade or commerce and in the business of insurance within the Commonwealth of Massachusetts, all within the meaning of Massachusetts General Laws, Ch. 93A, §§ 2 and 11 and Ch. 176D, §§ 1 and 2.

19. On September 11, 2003 and again on October 13, 2003, Federal notified and informed Berkshire Propane and BER of its aforementioned claims and forwarded to Berkshire Propane and BER a written demand for relief, which identified Federal as the claimant and reasonably described the aforementioned claims of Federal and the proximately resulting losses sustained by Federal.

20. Berkshire Propane and BER have failed to respond in any way to the aforementioned notifications and demands for relief of Federal, either with a denial of liability or an explanation thereof, or with a reasonable offer of settlement, all as otherwise required or contemplated by Massachusetts General Laws, Ch. 93A, § 2 and 11 and Ch. 176D.

21. By their conduct in connection with the claims of Federal against them, Berkshire Propane and BER have committed unfair and deceptive acts and practices prohibited by Massachusetts General Laws, Ch. 93A, §§ 2 and 11, and have engaged in conduct which is in violation of Massachusetts General Laws, Ch. 176D, 3(9)(a), (b), (c), (d), (f) and (n), in that Berkshire Propane and BER misrepresented pertinent facts relating to coverages at issue; failed to acknowledge and to act reasonably promptly upon communications with respect to the claims of Federal; failed to adopt and implement reasonable standards for the prompt investigation of the claims of Federal; refused to pay the claims of Federal without conducting a reasonable investigation based upon all available information; failed to effectuate prompt, fair and equitable settlement of the claims of Federal in which their liability had become reasonably clear; and failed to provide promptly a reasonable explanation of the basis in any insurance policy or self

insurance program, in relation to the facts or applicable law, for the denial of the claims of Federal.

22. Berkshire Propane and BER have engaged in willful and knowing violations of Massachusetts General Laws, Ch. 93A, § 2 and Ch. 176D, and the refusal and failure of Berkshire Propane and BER to reasonably respond to the aforementioned written demands, or to grant reasonable relief to Federal upon demand, were made in bad faith with knowledge or reason to know that the acts and practices complained of by the plaintiffs violated Massachusetts General Laws, Ch. 93A, § 2 and Ch. 176D.

23. As a direct and proximate result of the aforementioned unfair and deceptive acts and practices of Berkshire Propane and BER, Federal has suffered loss and financial detriment.

24. All conditions precedent and jurisdictional prerequisites to the maintenance of this action have been satisfied by Federal.

*WHEREFORE*, the plaintiff, Federal Insurance Company, demands judgment against the defendants, Berkshire Propane, Inc. and Berkshire Energy Resources, jointly and severally, as follows:

   a. for actual and compensatory damages in the amount of $75,000;

   b. for treble the actual and compensatory damages in the amount of $225,000;

   c. for the costs and reasonable attorneys fees it incurred in bringing this action;

   d. for statutory interest from the date of demand and costs; and

   e. for such other and further relief as the Court deems appropriate.

### D. Jury Demand.

Federal demands a trial by jury on all issues herein raised, all pursuant to Fed. R. Civ. P. 38.

Dated:  April 9, 2004

THE PLAINTIFF,
FEDERAL INSURANCE COMPANY, as subrogee of WYNN A. SAYMAN and ELIZABETH SAYMAN,

By: /s/ Mark J. Albano
Mark J. Albano, Esq.
DALSEY, FERRARA & ALBANO
73 State Street, Suite 101
Springfield, MA  01103-2069
Tel. (413) 736-6971
Fax. (413) 746-9224
email:  malbano@dalsey-ferrara.com
B.B.O. No.: 013860